# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH MICHAEL CASTILLO,

      Plaintiff,

v.                                                    No. 1:19-cv-00453-WJ-SCY

SOCIAL SECURITY ADMINISTRATION and
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed May 17, 2019.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security

for costs...." *See Adkins* v. E.I. *DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to proceed *in forma pauperis* because Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) he is not employed; and (ii) his total monthly income is $192.00.

**Dismissal of the Case**

Plaintiff's 53-page Civil Rights Complaint consists of many pages which are largely unintelligible and copies of various documents including a copy of a Notice of Appeals Council Action from the Social Security Administration, dated March 19, 2019, stating they denied Plaintiff's request for review of the Administrative Law Judge's decision meaning "the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." *See* Complaint at 35, 39-40. The Complaint, however, does not contain a short and plain statement of a claim showing that Plaintiff is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2), and, therefore fails to state a claim.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because Plaintiff failed to state a claim, the Court must dismiss this case.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed May 17, 2019, is **GRANTED.**

(ii)     This case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**